Anna M. Doyle, p. a.
vs. } No. 85819.
Eugene Roy

December 24, 1932.

JOSLIN, J. Heard on motion of defendant for a new trial after a verdict by the jury in favor of the plaintiff in the sum of $637.80. The defendant argues that the verdict is against the weight of the evidence.

At an early hour in the morning of August 12, 1930, the plaintiff was driving an automobile on the Red Rock Hill of the Boston Post Road in the Commonwealth of Massachusetts. She was alone. The road at the point where the accident occurred was under reconstruction. Two lanes were completed and open to traffic.

The plaintiff maintains that she was in the right lane proceeding up grade; that she saw approaching her in the other lane the automobile truck operated by the defendant, showing strong headlights and travelling at a speed of 40 to 45 miles per hour; that when the cars were 75 to 100 feet apart, she brought her car to a full stop; that the truck continued on and when just about opposite her, swerved or turned to its left and into the lane in which her car was standing, collided with her car, ripping off the two left wheels and otherwise damaging the rear end and other parts of her car. She received some personal injuries.

The defendant was returning to Norwood, Rhode Island, after having been to Boston on a business trip. Sitting on the seat in the truck beside him were two young men and there were three others in the rear of the truck. The defendant denies that the plaintiff's car was standing still at the time of the collision. He maintains that she

was travelling at a high rate of speed; that his speed was not over 25 miles per hour; that as she reached a point on the road opposite where there was a steam shovel parked in the third lane (under construction), she suddenly and without warning, apparently in an effort to avoid the steam shovel, turned to her left, leaving her lane, and sideswiped the truck.

The defendant was corroborated in many of the essential facts of his story by three of the other five occupants of the truck, one of whom was working for the defendant's employer at the time of the trial.

The defendant stresses the fact that the truck was equipped with a governor which mechanically limited the speed to 25 miles per hour. However, despite the denials of the defendant's witnesses, the Court is satisfied that the truck was travelling down grade just before and at the time of the collision. Under those conditions, it could, notwithstanding the governor, attain a greater speed. The location of the truck when it finally came to a stop is further evidence of a greater speed.

The defendant makes the point that the plaintiff testified she did not see the steam shovel although it was there on the lane to her right. This is easily explained. The strong headlights on the truck may have obscured her vision of it, or in the excitement of the moment it may have escaped her attention.

The plaintiff called two witnesses, Ernest H. Zilch and D. W. Cooper. The former was riding in a Ford truck about 200 or 300 feet behind the plaintiff and was in a position to see what happened. He testified that he was travelling up grade; that he saw the plaintiff come to a stop on her right side of the road; that the truck was coming at a fast rate of speed going down grade; that the truck struck the plaintiff's car and continued on, passing him, and landed off the road.

Cooper is an automobile repair man who reached the scene of the accident before the cars had been moved. His testimony as to the relative positions of the cars is important. It negatives the story of the defendant regarding the slow speed of the truck and that the accident occurred in the defendant's lane.

Both Zilch and Cooper appeared to be entirely disinterested and the Court was impressed with their testimony.

The verdict is not against the evidence. The amount of the verdict is not attacked. In the opinion of the Court substantial justice has been done and the motion for a new trial is denied.

For plaintiff: Vance & Vance.

For defendant: Quinn, Kernan & Quinn.